## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| FRANKLIN PAES JOSE MARIA, | : | |
| and RAPHAEL JOSE MARIA | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:13-CV-01415-RWS |
| | : | |
| KHIANI ALPHARETTA, LLC, | : | |
| ARJUN KHIANI, and MEETA | : | |
| KHIANI, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Plaintiffs' Motion to Dismiss Defendants' Counterclaim [9].  After reviewing the record, the Court enters the following Order.

## Background

Plaintiffs filed the instant case raising claims against Defendants for unpaid overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.  (Compl., Dkt. [1] ¶¶ 1, 2, 4, 5, 32, 34-36.) Defendants filed a Counterclaim in their Answer, which reads in its entirety: "Counterclaim against Plaintiffs: For stealing $37,685 + court costs AND

EQUIVALENT DAMAGES."  (Defs.' Answer to Pls.' Compl. and Countercl.,

Dkt. [4] at 2 of 2 (emphasis in original).)  Plaintiffs now move to dismiss

Defendants' Counterclaim for failure to state a claim upon which relief may be

granted pursuant to Federal Rule of Procedure ("Rule") 12(b)(6).  (Pls.' Mot. to

Dismiss Defs.' Countercl., Dkt. [9] at 1-2 of 7.)  Defendants have failed to file a

response, and therefore the motion is deemed unopposed.  LR 7.1B, NDGa.

The Court sets out the legal standard governing a Rule 12(b)(6) motion to

dismiss before considering Plaintiffs' motion on the merits.

### Discussion

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to

accept as true "all facts set forth in the plaintiff's complaint."  Grossman v.

Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

Further, the court must draw all reasonable inferences in the light most

favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

(2007) (internal citations omitted).  However, "[a] pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,

2

550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level."  Id. at 556.  The plausibility standard "does not[, however] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  Id.  In other words, although a pleading need not contain "'detailed factual allegations,'" it must contain more than "'an unadorned, the defendant-unlawfully-harmed-me accusation.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

In the instant case, Defendants have done nothing more than "tender [ a] 'naked assertion' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555).   The Counterclaim consists solely of an

3

"unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678.  Defendants have failed to plead any facts in support of their Counterclaim, and therefore the Court finds Plaintiffs' Motion to Dismiss Defendants' Counterclaim [9] due to be **GRANTED**.

**Conclusion**

In accordance with the foregoing, Plaintiffs' Motion to Dismiss Defendants' Counterclaim [9] is **GRANTED**.

**SO ORDERED**, this  _10th_  day of July, 2013.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)