IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANKLIN PAES JOSE MARIA and RAPHAEL JOSE MARIA, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NOS. : 1:13-CV-01415-RWS |
| KHIANI ALPHARETTA, LLC, *et al.*, | : : : : |
| Defendants. | : |

**ORDER**

This case comes before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order [58]. After reviewing the record, the Court enters the following Order.

After conducting two bench trials, the Court found Defendants liable under the Fair Labor Standards Act for failing to pay Plaintiffs for all hours worked, including overtime. Plaintiffs now seek a temporary restraining order that prevents Defendants from (1) relocating assets outside the State of Georgia until after paying the judgments or posting a bond; (2) selling off any assets without the proceeds of such sales being deposited into the Court; and (3)

relocating outside the State of Georgia before paying the judgments or posting a bond. Plaintiffs also petition the Court to require Defendants to (4) post a bond and (5) deposit their passports with the Court.

Plaintiffs move for this relief based on information Plaintiff Martha Duran learned about Defendant Arjun Khiani's alleged intentions. Ms. Duran submits an affidavit stating both she and Mr. Khiani use the same Bank of America branch in Alpharetta, Georgia. On April 3, 2015, Ms. Duran states that while she was at her bank, a teller, who is a friend of Ms. Duran, told her that Mr. Khiani had just been in the bank five minutes earlier and told the teller that he was selling his BP gas station and moving to India. Plaintiffs filed this motion on April 6, 2015. The Court entered judgment on that day as well.

**I.   Legal Standard**

Before a court will grant a temporary restraining order, the moving party must establish that: (1) "it has substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest." KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006). "Of these

2

four requisites, the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ." ABC Charters, Inc. v. Bronson, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).  Furthermore, such "equitable relief is only available where there is no adequate remedy at law." Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1527 (11th Cir. 1994).

**II.    Analysis**

The Court finds that the drastic remedy of a temporary restraining order is unwarranted because Plaintiffs have adequate remedies at law now that a judgment has been entered, and Plaintiffs have not clearly carried the burden of persuasion to show that Mr. Khiani is likely to transfer assets beyond the reach of the Court.

Federal court judgments "rendered by a district court within a State" shall be liens with the same legal effect as state court judgment liens:

3

> Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State.

28 U.S.C. § 1962; see also FED. R. CIV. P. 69 (a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise.").

And, under Georgia law, to establish a lien on Defendants' property Plaintiffs may record the writ of execution on the general execution docket in the appropriate county. See O.C.G.A. § 9-12-81(b) ("When the execution has been entered upon the docket, the lien shall date from such entry."). These procedures provide Plaintiffs with an adequate remedy at law to address their concerns about Defendants selling or transferring assets.

The Court is also reluctant to grant such an extraordinary remedy based on the hearsay evidence submitted with the motion. Plaintiffs rely on a bank teller's statement to Ms. Duran about what Mr. Khiani told her, but without more, the Court is left to speculate about the precise nature and timing of Mr. Khiani's intentions. For that reason, combined with Plaintiffs' adequate remedies at law now that a judgment has been entered, the Court **DENIES** Plaintiffs' Emergency Motion for Temporary Restraining Order [58].

4

AO 72A
(Rev.8/82)

## Conclusion

For the foregoing reasons, Plaintiffs' Emergency Motion for Temporary Restraining Order [58] is **DENIED**.

**SO ORDERED**, this  7th  day of April, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)